UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES SANDERS,

                                          Plaintiff,

     vs.                                                             9:07-CV-298
                                                                                   (FJS/GJD)

L. BENWARE, Corrections Officer,

                                          Defendant.
_____

CHARLES SANDERS, Plaintiff pro se
CHARLES J. QUACKENBUSH, AAG, Attorney for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

**REPORT-RECOMMENDATION**

This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this amended civil rights complaint, plaintiff alleges that defendant Benware failed to protect plaintiff from assault by another inmate in violation of plaintiff's constitutional rights. (Dkt. No. 5). Plaintiff seeks substantial monetary relief.

Presently before the court is defendant's motion to dismiss the amended complaint pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 12). For the following reasons, this court agrees with defendant and will recommend dismissal of the complaint.

**DISCUSSION**

1.    <u>**Motion to Dismiss**</u>

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate*, 378 U.S. 546 (1964)(per curiam)).

In determining whether a complaint states a cause of action, great liberality is afforded to pro se litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted). For purposes of a Rule 12(b)(6) motion, the "complaint" includes any written instrument attached to the complaint and any statements incorporated into it by reference. *Gant v. Wallingford Bd. of Education*, 69 F.3d 669, 674 (2d Cir. 1995)(citations omitted).

**2.    Facts**

Plaintiff alleges that on August 8, 2006, he was incarcerated at Riverview Correctional Facility. Amended Complaint (AC) at ¶ 1. Plaintiff states that defendant Benware was guarding sixty inmates in plaintiff's housing unit. AC ¶ 5. Plaintiff claims that defendant Benware left the housing unit to take "an unauthorized smoke break," leaving the sixty inmates unsupervised. AC ¶¶ 4-5. Plaintiff states that he was attacked by an inmate with a weapon during defendant Benware's absence. AC ¶¶ 1, 5. Plaintiff claims that Riverview Correctional Facility has a "history" of assaults. AC ¶ 3.

**3.    Failure to Protect**

An inmate has a right under the Eighth and Fourteenth Amendments to be

spared "the 'unnecessary and wanton infliction of pain.'" *Hendricks v. Coughlin*, 942 F.2d 109, 112 (2d Cir. 1991)(citation omitted). An inmate's allegation that a defendant was deliberately indifferent in failing to protect him from the violence of other inmates states a claim under section 1983. *Id.* at 113.

In order to state an Eighth Amendment claim for failure to protect an inmate, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, ***and*** prison officials acted with deliberate indifference to that risk and the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The plaintiff must show that prison officials ***actually knew of and disregarded*** an excessive risk of harm to the inmate's health and safety. *Id.* at 837. The defendant must be aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists and the defendant must also draw that inference. *Id.*

In this case, plaintiff alleges that he was assaulted by another inmate when defendant Benware left the housing unit unsupervised and went to take an unauthorized smoke break. Plaintiff does not allege that the defendant was aware of a problem that plaintiff had with the inmate who assaulted him or any other inmate on the unit. Plaintiff does not allege that defendant Benware knew of any specific danger or substantial risk of harm to the plaintiff.

Plaintiff merely states that no ***reasonable officer*** would have left sixty inmates unsupervised and that Riverview had a history of this type of assault occurring. At worst, plaintiff is alleging that defendant Benware was negligent in leaving the unit without waiting for another officer to relieve him. However, negligence does not rise

3

to the level of a constitutional claim under section 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). *See Patrick v. Amicucci*, 05 Civ. 5206, 2007 U.S. Dist. LEXIS 19529, *9-12 (S.D.N.Y. March 19, 2007)(however disturbing the negligence might be, it does not rise to the level of deliberate indifference).

Although plaintiff claims in a conclusory fashion that Riverview Correctional Facility had a "history of assaults," there is no basis for the allegation that defendant Benware was anything but negligent in leaving the housing unit. Plaintiff does not claim that there had been recent assaults in his unit or that defendant Benware had been warned by plaintiff that he was in danger. In fact, plaintiff does not claim that he knew why the other inmate attacked him. Thus, this court must recommend dismissal of the complaint.

The Second Circuit has held, that when the court dismisses a pro se action on the pleadings, the plaintiff should be given an opportunity to amend his complaint to state a claim. *See Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991) (citations omitted)(court should not dismiss without granting leave to amend at least once when the complaint gives "any indication" that a valid claim may be stated). As the amended complaint is written, there is no constitutional claim stated. Although the court is recommending dismissal without prejudice, the plaintiff is cautioned that conclusory allegations are also insufficient to state a constitutional claim. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)(conclusory allegations are insufficient to state a claim for relief under section 1983).

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 12) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 10, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

5